GRACEY, JUDGE:
Claimant, in her capacity as Chairman of the Business Education Department at Watoga High School, was attending a competition for Future Business Leaders of America on April 24, 1982. She had accompanied a number of students to West Virginia Tech in Montgomery. The competition was a single-day function, and claimant was compensated for her attendance in her capacity as a grader for a Shorthand II Competition. According to the testimony of claimant, it was a sunny day and normal sediment only covered the sidewalk. At approximately 1:00 p.m., claimant, accompanied by four students, travelled upon a sidewalk on campus from the student center where they had eaten lunch to another area of the campus. Sandra Moye was walking with Lisa Corner approximately five feet in front of claimant. Gaylon Akers was walking behind those two, and Michelle Akel was walking across from claimant on the lower side of the sidewalk. Claimant fell and fractured her left ankle. Claimant alleges that this section of the walkway was improperly maintained and is therefore unsafe. She seeks damages in the amount of $100,000.00 for pain and suffering.
The testimony revealed that claimant incurred medical expenses as a result of this accident. She did not have to expend any money for these bills. Claimant's insurance carrier covered her medical costs. Worker's Compensation reimbursed claimant's insurance carrier. In addition, claimant received temporary total disability benefits and a 2% *87 permanent partial disability award from Worker's Compensation.
Claimant testified that the two sections of sidewalk were of uneven levels, and this fact caused her fall. There was a space between two sections of sidewalk. Claimant was walking on the right side or higher level of the sidewalk parallel to the space between the two sections of the sidewalk. It was estimated that one section of the sidewalk was approximately one inch higher than the other section.
The Court finds that respondent failed to maintain the sidewalk in a proper manner. However, it appears that the claimant herself was negligent in failing to maintain an adequate lookout upon the sidewalk where she was walking. Under the doctrine of comparative negligence, the Court is of the opinion that the negligence of the claimant was equal to or greater than the respondent's and disallows claim.
Claim disallowed.